UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                        No. 11-MJ-178 (PAM)

Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Khaffak Sahib Ansari,

Defendant.

_____

This matter is before the Court on the Government's appeal of the order granting

Defendant pretrial release.  On April 29, 2011, Defendant was arrested and charged with

federal benefit fraud.  The Government moved for pretrial detention, but after a hearing,

Magistrate Judge Jeanne J. Graham determined that Defendant's continued appearance could

be secured through a $100,000 appearance bond, half-way house placement, and electronic

monitoring including GPS capabilities.  Magistrate Judge Graham also ordered Defendant

to surrender his passport, if his passport could be located.  The Government contends that

Defendant should be detained until he is indicted or a criminal complaint is filed.

The Government argues that Defendant has been liquidating assets and expressed an

intention to flee the country.  Under these circumstances, according to the Government, the

conditions the Magistrate Judge imposed are not sufficient to ensure Defendant's appearance.

The Government relies in part on United States v. Abad, 350 F.3d 793 (8th Cir. 2003).  In

that case, the Eighth Circuit Court of Appeals found that a $65,000 bond and electronic

monitoring were insufficient to ensure the defendant's continued appearance.

Defendant opposes pretrial detention. He argues that the person who reported his alleged statements about fleeing is angry over the sale of Defendant's business. He also insists that he has nowhere else to go—his extended family is all in the United States, and he does not wish to return to Iraq, the country from which he emigrated more than 20 years ago. Defendant also points out that this case has been under investigation for more than two years, and that at the time of his arrest, Defendant had no indication that any arrest was imminent. He contends that his sale of personal items and his business was only to allow him to pay his bills and to repay money that his father lent him for taxes and other expenses.

Review of a pretrial release order pursuant to 18 U.S.C. § 3145(a)(1) is de novo. United States v. Maull, 773 F.2d 1479, 1484 (8th Cir. 1985). Pretrial detention is appropriate "only if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (emphases omitted).

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, take into account the available information concerning–
>
> (1) the nature and circumstances of the [crime] . . . ;
>
> (2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, . . . criminal history, and record concerning appearance at court proceedings;

* * *

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

After reviewing the record and the submissions of the parties, the Court concludes that the Magistrate Judge's decision is correct. This case is very different from those on which the Government relies, particularly the Abad case. In Abad, the defendant was accused of criminal sexual conduct with a 13-year-old child, which gave rise to a rebuttable presumption of pretrial detention. Abad, 350 F.3d at 797. There is no such presumption in this case, and although the Government insists that the maximum sentence for Defendant is similar to that in Abad, the reality is, as the Government well knows, that the sentence Defendant is facing is substantially lower than that of a person convicted of a child sex crime. Moreover, the court of appeals noted that the defendant in Abad could easily travel to Canada and Mexico without a passport, so that confiscating the defendant's passport would fail to ensure that he would not flee the country. Id. at 799. That observation was true in 2003, when Abad was decided, but is not true today. A United States citizen cannot now travel either to Canada or to Mexico without a valid passport. Thus, the risk of flight about which the court in Abad

3

was concerned simply no longer exists.

The Magistrate Judge ordered Defendant confined to a half-way house and further ordered that he wear an electronic monitoring bracelet with GPS capability.  The Government does not, and likely cannot, argue that these conditions are patently insufficient to ensure Defendant's continued appearance.  Pursuant to 18 U.S.C. § 3142(f), the Government has failed to show that the conditions of release Magistrate Judge Graham imposed will not reasonably assure Defendant's appearance and that the safety of the community is at risk from Defendant's pretrial release.  Thus, Court determines that Defendant is eligible for pretrial release on the same conditions the Magistrate Judge imposed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Appeal of the Order of Pretrial Release (Docket No. 5) is **DENIED**; and

2. The Order Setting Conditions of Release of Magistrate Judge Jeanne J. Graham (Docket Nos. 4, 7) is **AFFIRMED**.

Dated:  May 18, 2011

 s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge